**Jose Guadalupe GARCIA–VASQUEZ,**
**Petitioner,**

v.

**John ASHCROFT, Atty General,**
**Respondent.**

No. 01–71205.
INS No. A77–596–200.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2002.*

Decided July 26, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before NOONAN, WARDLAW, and BERZON, Circuit Judges.

MEMORANDUM **

Petitioner Jose Guadalupe Garcia–Vasquez ("Garcia–Vasquez"), a native and citizen of Mexico, appeals the Board of Immigration Appeal's (the "Board's") rejection of his application for cancellation of removal. Garcia–Vasquez entered the United States illegally on January 1, 1990 near San Ysidro, California. On November 19, 1999, the Immigration and Naturalization Service ("INS") served him with a notice to appear in removal proceedings. On June 1, 2000, Garcia–Vasquez filed his application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1), but the immigration judge rejected his application for cancellation of removal, finding Garcia–Vasquez statutorily ineligible because the service of the notice to appear ended his continuous physical presence in the United States under 8 U.S.C. § 1229b(d)(1) before ten years had passed since his entry. The Board affirmed. Garcia–Vasquez now argues that 8 U.S.C. § 1229b(b)(1)(A) directly conflicts with 8 U.S.C. § 1229b(d)(1).

We have jurisdiction under 8 U.S.C. § 1252. The Board's interpretation and application of immigration laws is reviewed de novo. *Andreiu v. Ashcroft*, 253 F.3d 477, 482 (9th Cir.2001) (en banc). The Board found no conflict between the two provisions nor any ambiguity in the wording of the statute. The Board's construction of the statute's provisions is permissible and therefore accorded deference under *Chevron U.S.A., Inc. v. Natural Re-*

*sources Defense Council, Inc.*, 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

Garcia–Vasquez did not accrue ten years of continuous physical presence before he was served the notice to appear and was therefore statutorily ineligible for cancellation of removal. This conclusion is required by the wording of the statute. *Ram v. Immigration and Naturalization Service*, 243 F.3d 510, 518 (9th Cir.2001) ("Congress did not intend for aliens to circumvent the stop-time rule by accruing the requisite years of continuous physical presence in the United States after deportation proceedings commence.").

The petition is DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.